```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANNAMARIE PURPURA,
                                                                    MEMORANDUM
                        Plaintiff,                                  AND ORDER

        -against-                                                   10-CV-1146 (FB)

JOSEPH PIZZURRO,

                        Defendant.
----------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is an application by plaintiff Annemarie Purpura ("plaintiff"), dated June 3, 2011, see Letter to Strike Defendant's Pre-Trial Order Submission (June 3, 2011), ECF Docket Entry ("DE") #35, to strike a document filed by defendant Joseph Pizzurro ("defendant"), which he designates as "Pretrial Memorandum," but which constitutes his much belated portion of the Joint Pretrial Order ("JPTO"). See Pretrial Memorandum (June 3, 2011) ("Def. JPTO"), DE #34. For the reasons that follow, plaintiff's request (which the Court construes as seeking a preclusion order) is granted in substantial part.

## FACTUAL BACKGROUND

The procedural background of defendant's latest dereliction is set forth in this Court's Order To Show Cause dated June 3, 2011 ("6/3/11 OTSC"), DE #36, and will not be recounted herein. Suffice it to say, this case has been characterized by repeated defaults on defendant's part, beginning (but not ending) with his failure to respond to the complaint (prompting plaintiff to file a motion for a default judgment, see Motion for Default Judgment (July 16, 2010), DE #4), and by a persistent pattern of defendant's violations of court orders.

See generally Docket Sheet.

In response to the Court's latest Order To Show Cause, defendant once again raises matters having no bearing on the pending application to strike -- i.e., that the case is a "family matter" between a sister and brother, Affirmation in Response to Order To Show Cause (June 6, 2011) ("Def. Aff.") at 1, DE #37, and that there were two potential buyers for the home that is the subject of the dispute. See id. at 3. As a purported justification for his failure to serve or even identify documents relevant to his defense,[1] defendant asserts that he "never thought in a million years that he would need every document" concerning the property, id. at 1, and that he is "again trying to collect documentation that may or may not exist," id. at 2. He further complains that he did not receive the deposition transcripts until May 23, 2011, and that "every time the Plaintiff wants something, the Defendant has to jump, but when the Defendant needs something, the Plaintiff never moves." Id. Defendant ignores the fact that the pending motion concerns defendant's violation of *court orders*, and not merely a failure to accommodate plaintiff's desires.

Defendant, who was served with the summons and complaint on March 17, *2010*, see Affidavit of Service (July 15, 2010), DE #2, has had ample time to locate, identify and serve whatever documentation still exists, and has been repeatedly warned by the Court of the need to comply with his discovery obligations. See, e.g., Endorsed Order (Nov. 23, 2010)

---

[1] In his JPTO, defendant identifies his trial exhibits in this manner: "the receipts for expenditures on the property, list of repairs and other work done by the Defendant herein." Def. JPTO at 3. His witness list is likewise unilluminating: "Joseph Pizzurro, Naomi Pizzurro and other contractors or specialists that have worked on the property." Id.

("11/23/10 Order"), DE #17; Minute Order (Jan. 19, 2011) ("1/19/11 Order"), DE #25.

The law is clear that "[t]he trial judge has broad discretion to exclude evidence not properly identified in the pretrial order." Steven S. Gensler, <u>Federal Rules of Civil Procedure, Rules and Commentary Rule 16</u> (Westlaw 2011) (citing, *inter alia*, <u>Farkas v. Farkas</u>, 168 F.3d 638, 645 (2d Cir. 1999)). In addition, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, where, as here, "a party fails to provide information or identify a witness as required by Rule 26(a) or (e),[2] the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). In deciding whether to grant preclusion or some other sanction, courts typically consider the following factors: "(1) the willfulness of the non-compliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." <u>Nieves v. City of New York</u>, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing <u>Bambu Sales, Inc. v. Ozak Trading Inc.</u>, 58 F.3d 849, 852-54 (2d Cir. 1995)).

While preclusion is considered a "harsh" remedy to be "imposed only in rare situations," <u>Update Art, Inc. v. Modiin Publ'g, Ltd.</u>, 843 F.2d 67, 71 (2d Cir. 1988), defendant's pattern of defaults and violations of court orders, despite repeated admonitions from the Court, warrants preclusion in this case. In light of defendant's persistent disregard of

---

[2] Rule 26(a) addresses the duty of a party to make "Initial Disclosure" and other "Pretrial Disclosures" and Rule 26(e) addresses the duty to "Supplement[] Disclosures and Responses." <u>See</u> Fed. R. Civ. P. 26(a), (e).

the Court's orders, his failure to serve his discovery materials and disclose his witnesses --
both during discovery and in his belatedly served portion of the JPTO[3] -- can only be described
as willful. That same disregard demonstrates that sanctions other than preclusion would be
ineffective and unwarranted. Finally, the period of noncompliance has extended as far back as
the fall of 2010, when the Court first set a discovery schedule, see Minute Entry (Oct. 18,
2010), DE #15, and has persisted despite warnings from the Court that continued
noncompliance could result in an even more severe sanction -- entry of a default judgment.
See, e.g., 11/23/10 Order; Order To Show Cause (Jan. 14, 2011), DE #20; 1/19/11 Order.
Under these circumstances, striking defendant's portion of the JPTO, and precluding him from
introducing the unspecified witnesses and exhibits referenced therein, is an appropriate --
indeed, a relatively modest -- remedy. See, e.g., Farkas, 168 F.3d at 645; see also Peart v.
City of New York, 992 F.2d 458, 461 (2d Cir. 1993) (court did not abuse its discretion in
dismissing complaint with prejudice and sanctioning plaintiff's counsel where, in addition to
failing to appear for trial, she "fail[ed] to return [defense counsel's] many phone calls and
letters requesting assistance in preparing the joint pre-trial order and [she] fil[ed] the proposed
pre-trial order as a final one without consulting [defendants'] counsel"); Johnson v. M.
Melnick & Co., No. 91 Civ. 7961 (LAP), 1996 WL 239994, at *9 (S.D.N.Y. May 8, 1996)
(dismissing action based on plaintiff's "pattern of blatant and willful disregard for the rules and
authority of this Court[,]" tactics that "have become substantially more egregious with

---

[3] See *supra* note 1.

plaintiff's succession of deficient joint pretrial orders").

This order will not bar defendant from producing any defense whatsoever at trial. In his portion of the JPTO, defendant identified himself as a defense witness. See Def. JPTO at 3. During the discovery period, plaintiff clearly knew that defendant would testify at trial, and reportedly conducted a deposition of him on February 11, 2011. See Def. Aff. at 2. Therefore, defendant will be permitted to testify in his own defense. Defendant's portion of the JPTO also identifies Naomi Pizzurro as a defense witness. Def. JPTO at 3. To the extent that her identity as a possible defense witness was disclosed during the discovery phase, defendant will be permitted to call her as a trial witness; if she was not so identified, her testimony will be precluded. Finally, defendant contends that in his deposition testimony, he identified "the one main contractor, Mr. Stanley Ward, who had made numerous repairs to the residence . . . ." Def. Aff. at 2. If, and only if, defendant did in fact identify Mr. Ward in defendant's February 11th deposition testimony, will Mr. Ward be permitted to testify at trial, provided that defendant immediately furnishes plaintiff's counsel with Mr. Ward's address and contact information and plaintiff is able to locate him and conduct his deposition by September 16, 2011. The Court will not allow this case to languish any longer.

Plaintiff is directed to submit a status report by September 19, 2011.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to strike defendant's portion of the Joint Pretrial Order is granted in substantial part: defendant is precluded from introducing

documents or calling witnesses at trial except to the extent described in this opinion.

Any objections to the rulings contained herein must be filed with Judge Block by August 29, 2011 or will be deemed waived.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**August 10, 2011**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**