UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANNAMARIE PURPURA,

                                       **Plaintiff,**

          -against-

**JOSEPH PIZZURRO,**

                                       **Defendant.**
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**10-CV-1146 (FB)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The Court is in receipt of plaintiff's letter to the Court dated September 20, 2011, see Letter to the Court from Thomas M. Smith (Sept. 20, 2011) ("9/20/11 Pl. Letter"); defendant's (belated) response to this Court's Endorsed Order To Show Cause dated September 21, 2011 ("9/21/11 OTSC"), see Affirmation in Reply to Order to Show Cause (Sept. 28, 2011) ("9/28/11 Ialenti Aff.");[1] and plaintiff's letter in opposition thereto. See Letter to the Court from Thomas M. Smith (Sept. 29, 2011) ("9/29/11 Pl. Letter"). The parties' submissions concern plaintiff's request that defendant be precluded from calling Stanley Ward as a witness at trial, on account of defendant's failure to provide timely disclosure of contact information concerning Mr. Ward. For the reasons that follow, plaintiff's request for a preclusion order is granted.

---

[1] Although defendant's response to the 9/21/11 OTSC was due by September 23, 2011, see 9/21/11 OTSC, defendant did not respond until September 28, 2011, see 9/28/11 Ialenti Aff., and did so only after this Court issued another Order To Show Cause, on September 27, 2011, admonishing defense counsel for his continued derelictions and failure to respond to messages left by the Court's staff. See Order To Show Cause (Sept. 27, 2011) ("9/27/11 OTSC").

**DISCUSSION**

In a Memorandum and Order dated August 10, 2011 ("M&O"), this Court summarized defendant's "repeated defaults" and "persistent pattern of . . . violations of court orders," M&O at 1, and described the legal standards governing the exclusion of evidence not properly identified in the joint pretrial order ("JPTO") and/or not produced in discovery. See M&O at 3. After considering the factual circumstances of this case, the Court struck defendant's portion of the JPTO and precluded him from introducing witnesses and exhibits described therein in only general terms. See id. at 4. With respect to defense witness Stanley Ward -- who was not identified in defendant's portion of the JPTO,[2] but was referenced in defendant's response to a June 3, 2011 Order to Show Cause why defendant's entire portion of the JPTO should not be stricken[3] -- the Court ruled that "[i]f, and only if, defendant did in fact identify Mr. Ward in defendant's February 11th deposition testimony, will Mr. Ward be permitted to testify at trial, *provided that defendant immediately furnishes plaintiff's counsel with Mr. Ward's address and contact information and plaintiff is able to locate him and conduct his deposition by September 16, 2011.*" M&O at 5 (emphasis added).

At no time did defendant seek additional time to furnish plaintiff's counsel with Mr. Ward's address and contact information. On September 20, 2011, plaintiff's counsel wrote to the Court, advising that defendant had not disclosed the address and contact information for

---

[2] See Defendant's Pretrial Order (June 3, 2011) at 3 (listing the following defense fact witnesses: "Joseph Pizzurro, Naomi Pizzurro and other contractors or specialist that have worked on the property").

[3] See Affirmation in Response to Order To Show Cause (June 6, 2011) at 2.

Mr. Ward, and requesting an order precluding plaintiff from calling him as a witness.  See 9/20/11 Pl. Letter.  Plaintiff's status report prompted the Court to issue its September 21st OTSC, which, as previously noted, was ignored by defendant until after entry of a follow-up OTSC.  See 9/27/11 OTSC.  Only then did defense counsel respond, asserting that defendant and defense counsel had "made a diligent search to contact Mr. Ward," 9/28/11 Ialenti Aff. at 1, but omitting to mention *when* these efforts were undertaken.  Significantly, plaintiff's counsel asserts that plaintiff requested Mr. Ward's name and address during the deposition of defendant on February 11, 2011, and a blank space was left in the deposition transcript for defendant to fill in that information; although the transcript was reportedly mailed to defense counsel, on May 20, 2011, for execution and return, defendant never returned the transcript, see 9/29/11 Pl. Letter at 1, nor did he identify Mr. Ward as a witness in defendant's belatedly served portion of the JPTO.  See *supra* note 2.

Despite defendant's persistent lapses, the Court conditionally reopened discovery on August 10, 2011, to allow plaintiff to depose Mr. Ward, *provided* the defense "immediately" furnished plaintiff's counsel with Mr. Ward's address and contact information.  M&O at 5.  Defendant did not do so, nor did he ever request additional time to locate the requisite information.  Defendant was previously warned that "[t]he Court will not allow this case to languish any longer."  Id.  Simply put, defendant's disclosure of Mr. Ward's phone number (with no address) on September 28, 2011 is too little too late.  The Court has been far too indulgent with defendant, and declines to further reopen discovery so that plaintiff may track down Mr. Ward and serve him with a deposition subpoena.  In these circumstances, defendant

has forfeited the right to call Mr. Ward as a witness at trial.

## CONCLUSION

For the foregoing reasons, the Court grants plaintiff's request for an order precluding defendant from calling Mr. Ward as a witness.

Any objections to the rulings contained in this Memorandum and Order must be filed with the Honorable Frederic Block on or before **October 17, 2011**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Memorandum and Order into the ECF system.

    SO ORDERED.

Dated:    Brooklyn, New York
           September 30, 2011

                        **ROANNE L. MANN**
                        **UNITED STATES MAGISTRATE JUDGE**